IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| WEX INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>HP INC. and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.,<br><br>      Defendants. | No. 2:24 CV 121-JAW<br><br>INJUNCTIVE RELIEF AND JURY TRIAL REQUESTED |

**JOINT PROPOSED DISCOVERY AND MOTION PLAN AND
FEDERAL RULE OF CIVIL PROCEDURE 26(f) CASE MANAGEMENT REPORT**

Counsel for Plaintiff WEX, Inc., and Defendants HP Inc. and Hewlett-Packard Development Company, L.P., met via video and conferred on June 7, 2024 for the parties' Rule 26(f) and Local Rule 16.3(c) Conference. The parties agree that this case shall be managed as a Complex Track case pursuant to Local Rule 16.1(b)(3). Accordingly, consistent with both Rule 26(f) and Local Rule 16.3(c), the parties discussed: the legal issues in the case; voluntary exchange of information and discovery; a discovery plan; the various kinds of alternative dispute resolution; settlement; consenting to trial by the magistrate judge; a plan for raising and disposing of serious and legitimate dispositive motions; and stipulations.

**I. Legal Issues in the Case**

This is a trademark infringement and unfair competition case. Plaintiff asserts that Defendants' use of the trademark "WEX" creates a likelihood of confusion with Plaintiff's trademark WEX and seeks injunctive relief, monetary damages, and attorneys' fees. This is also an action for cancellation of U.S. Ser. No. 98308345 for the mark "WEX" in International Classes 9, 35, and 42, pursuant to section 37 of the Lanham Act, 15 U.S.C. § 1119.

1

#17209274v1

Defendants assert that Plaintiff failed to show that Defendants' use of HP WEX creates a likelihood of confusing an appreciable number of reasonably prudent purchasers and has asserted affirmative defenses to Plaintiff's claims, such as for example, abandonment, unlawful use of a trademark, trademark invalidity, and unclean hands but has not asserted counterclaims.

## II. Discovery Plan

### A. Voluntary Exchange of Information

The parties did not agree to the voluntary exchange of information and discovery, and will conduct discovery pursuant to the Federal Rules of Civil Procedure.

### B. Subjects On Which Discovery May Be Needed

The parties agree that discovery will generally involve the relevant factors for trademark infringement and likelihood of confusion in this District. *See e.g., Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir. 1981). Specifically, discovery will concern (1) the similarity or lack thereof between the two marks; (2) the similarity or lack thereof of the goods; (3) the relationship between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion or lack thereof; (7) the junior user's intent in adopting its own mark; and (8) the strength of the senior user's mark. The parties also intend on seeking discovery on Defendants' affirmative defenses and any harm or damages to Plaintiff or lack thereof.

### C. Discovery Schedule

The parties conferred on a discovery schedule and have agreed to conduct discovery in two phases, namely fact discovery, followed by expert discovery. The parties have further agreed and jointly propose the following deadlines:

| Action or Event | Date/ Deadline |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 6/28/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 7/21/2024 |
| Settlement conference with Magistrate Judge Nivison | Date to be agreed on by the parties but not later than 9/30/2024 |
| Fact Discovery Closes (deadline for all fact discovery responses and motions) | 1/10/2025 |
| Expert Disclosures pursuant to Fed. R. Civ. P. 26(a)(2) | *Opening Reports* 1/31/2025 *Rebuttal Reports* 3/3/2025 |
| Expert Discovery Closes (deadline for all expert disclosures, depositions, and related motions) | 4/4/2025 |
| Notice of intent to file dispositive motions and need for pre-filing conference pursuant to Local Rule 56(h) | 4/18/2025 |
| Deadline for filing any *Daubert* motion. | 5/2/2025 |
| Deadline for other pre-trial motions *in limine* | 6/2/2025 |
| Final Pre-Trial Order Due | 6/27/2025 |
| Final Pre-Trial Conference. *See* Fed. R. Civ. P. 16 | At the Court's convenience, following 6/27/25 |
| Month and year of proposed trial term. | At the Court's convenience |

**D.     Preservation of electronically stored information (ESI)**

The parties anticipate entering into a separate Electronically Stored Information Order or Agreement for use in this matter and will endeavor to file a proposed order by July 9, 2024.

E.     **Privilege and Protection of Trial-Preparation Materials**

The parties have agreed to confer and anticipate the entry of a Confidentiality and Protective Order in this matter and will endeavor to file a proposed order by July 9, 2024. This proposed agreement will have two tiers of confidentiality designations and will also seek an order under Federal Rule of Evidence 502.

The parties agree that attorney-client communications that occurred after Plaintiff sent Defendants its demand letter on March 27, 2024, do not need to be identified in a privilege log so long as said communication explicitly relates to, or discusses, this lawsuit or potential lawsuit. Any other claim or privilege should be identified in a privilege log in accordance with the Federal Rules of Civil Procedure and the local rules for the District of Maine.

D.     **Discovery Limits**

The parties agree to be bound by Local Rule 16.1(b)(2) to not more than thirty (30) interrogatories per opposing side. The parties otherwise agree to the discovery limits set forth by the Federal Rules of Civil Procedure, namely: no limits on requests for production or requests for admission, and ten (10) fact-witness deposition per side, inclusive of any potential Rule 30(b)(6) witnesses and third-party depositions. Expert depositions pursuant to Fed. R. Civ. P. 26(b)(4)(A) will not count towards the ten-deposition limit and each party will be entitled to depose each expert disclosed by the other party.

III.   **Alternate Dispute Resolution and Settlement**

The parties formally request a settlement conference before Magistrate Judge Nivison to be scheduled not later than September 30, 2024 and subject to the Court's and the parties' availability. The parties understand that Judge Nivison may set briefing deadlines for position

papers to be filed with the Court, and respectfully request that any such deadlines be set following this Court's Order on the currently pending Motion for Preliminary Injunction, Dkt. 9.

### IV.   Trial by Magistrate

The parties jointly do not consent to trial before a magistrate judge.

### V.   Plan for Raising and Disposing of Serious and Legitimate Dispositive Motions

A party intending to move for summary judgment shall file no later than fourteen (14) days after the close of discovery either (1) a join motion setting forth a proposed schedule agreed to by all the parties and confirming that all of the parties agree that a pre-filing conference with a judicial officer would not be helpful, or (2) a notice of intent to move for summary judgment, and the need for a pre-filing conference with a judicial officer pursuant to Local Rule 56(h).

### VI.   Other Stipulations

The parties agree to accept service by email without the need for physical service or mailing.

### CONCLUSION

The Parties respectfully request that the Court adopt the proposed track assignment, schedule, and discovery plan set forth herein.

[signatures on following page]

Dated: June 14, 2024

Respectfully submitted,

| | |
|---|---|
| */s/ Nolan L. Reichl* <br> Joshua D. Dunlap <br> (jdunlap@pierceatwood.com) <br> /s/ Gavin G. McCarthy <br> (gmccarthy@pierceatwood.com) <br> /s/ Nolan L. Reichl <br> (nreichl@pierceatwood.com) <br> **PIERCE ATWOOD LLP** <br> 254 Commercial St <br> Portland, ME 04101 <br> Tel: 207-791-1100 | /s/ *Megan K. Bannigan* <br> /s/ Megan K. Bannigan* <br> (mkbannigan@debevoise.com) <br> /s/ David H. Bernstein* <br> (dhbernstein@debevoise.com) <br> /s/ Nicole Flores* (nflores@debevoise.com) <br> /s/ Kendra Berry* (kberry@debevoise.com) <br> **DEBEVOISE & PLIMPTON LLP** <br> 66 Hudson Boulevard <br> New York, NY  10001 <br> (212) 909-6000 <br><br> /s/ Christopher S. Ford* <br> (csford@debevoise.com) <br> **DEBEVOISE & PLIMPTON LLP** <br> 650 California Street <br> San Francisco, CA  94109 <br> (415) 538-5700 |
| ***Attorneys for Plaintiff WEX Inc.*** | *Admitted pro hac vice* |

Dated:   June 14, 2024

Respectfully submitted,

| | |
|---|---|
| */s/ Peter J. Brann* <br> Peter J. Brann <br> Email:  pbrann@brannlaw.com <br> Stacy O. Stitham <br> Email: sstitham@brannlaw.com <br> BRANN & ISAACSON <br> 113 Lisbon Street <br> Lewiston, ME 04240 <br> 207.689.9731 <br><br> Attorneys for Defendants <br> HP INC. and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P. | */s/ Eric Ball* <br> Eric Ball* <br> Email: eball@fenwick.com <br> Kimberly Culp* <br> Email: kculp@fenwick.com <br> Irene Aguirre* <br> Email: iaguirre@fenwick.com <br> Kathryn M. Hauh* <br> Email: khauh@fenwick.com <br> FENWICK & WEST LLP <br> 801 California Street <br> Mountain View, CA  94041 <br> 650.988.8500 <br><br> *Admitted Pro Hac Vice* |

6

#17209274v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send the notification of such filing to all counsel of record.

DATED:  June 14, 2024                           */s/ Nolan L. Reichl*
                                                Nolan L. Reichl
                                                PIERCE ATWOOD LLP
                                                254 Commercial Street
                                                Portland, ME 04101
                                                207-791-1100
                                                nreichl@pierceatwood.com